RICHARD M. DORSEY, Respondent, v. HOULDER, WEIR & BOYD, INC., Appellant.

First Department, April 5, 1918.

Principal and agent — action against agent as surety of principal — admission by agent of performance of contract — damages — recovery limited to balance due on contract.

Where an agent who guaranteed a contract made for a principal admitted due performance of the contract by the plaintiff's assignor, the admission is binding upon the agent when sued as surety and it is immaterial that the admission may have been made as agent.

However, the plaintiff can only recover a judgment upon said admission by the defendant agent to the extent of a balance of moneys remaining unpaid upon the contract, for the plaintiff must take the admission cum onere.

APPEAL by the defendant, Houlder, Weir & Boyd, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 3d day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

Achilles H. Kohn of counsel [Robert G. Starr with him on the brief; K. R. Babbitt, attorney], for the appellant.

Jay Noble Emley, for the respondent.

SMITH, J.:

This action is brought upon two contracts specified as " 9630 " and " 9630 extra " made between the M. H. Treadwell Company, the plaintiff's assignor, and the General Petroleum Company of California for whom the defendant

was acting as agent and which contracts the defendant guaranteed. The answer contains in effect a general denial and pleads payment.

The General Petroleum Company of California, a foreign corporation and doing business mainly in the State of California, chartered the steamship *Mills* and desired to have the steamship altered so as to make it an oil tank steamer. The contracts were made with the plaintiff to effect this alteration. The first contract, called 9630, was the principal contract and that called for the installation of three or four tanks and was made upon January 16, 1914. The second contract was for further alterations made March 23, 1914, involving $2,600. The third contract was made April 25, 1914, involving $2,430. The fourth contract of June 30, 1914, called for the payment of $15,100. A further contract made September 22, 1914, called for the payment of $5,700. In addition to that there was extra work which was not performed under any contract for which the plaintiff charged upwards of $16,000. The only contracts directly involved in this appeal are the first and fourth contracts. The defendant guaranteed the first four contracts. The second and third and fifth contracts, however, are not made the subject of this suit.

The work progressed and up to October 23, 1914, there was paid to the plaintiff's assignor the sum of $76,740.26. Thereafter the M. H. Treadwell Company brought an action against the General Petroleum Company for the extra work involving as it was claimed about $16,000. Of this $76,000 and upwards that had been paid, the Treadwell Company assumed to credit $13,000 upon the extra work not under contract and asked for the balance of $3,000. In that action the plaintiff failed but the jury made a special finding that the extra work was worth $13,000 and presumably found that it had been paid by the application of $13,000 of these payments. In that suit, however, this defendant was not a party, so that this defendant is not in any way bound by the result thereof and as far as this action is concerned the object and result of that suit may be ignored.

This action is brought for the recovery of about $14,000 claimed to be the difference in amounts due upon the contracts first and fourth, heretofore mentioned, and the payments

which had been applied thereto by the Treadwell Company. The only proof of the performance of the contract by the Treadwell Company rested upon a statement made by the defendant as the agent of the General Petroleum Company in which statement it recognized that the contracts had been fully performed. Now it is first claimed that this statement, having been made by the defendant as the agent of the petroleum company, was not binding upon the defendant as surety, and, therefore, constitutes no proof of the plaintiff's cause of action. I do not agree to this. If the defendant has admitted that the contracts were performed, it makes little difference in what capacity it made the admission. It is presumed to have made a truthful statement and it is fully inferable that the contracts were performed as admitted in this statement. It is further claimed, however, on behalf of the defendant that in this statement was an item of $76,740.26 of payments to Treadwell & Company *on account of contracts.* It appears from this record that the contracts all told called for payments amounting to $86,800. Of this amount, $3,668, due upon the contract No. 5 and afterwards paid to Ransom had not been then paid. If this $76,740.26 were admitted to have been paid upon the contracts that would leave only about $6,000 remaining due upon the contracts and the plaintiff has recovered a judgment of $14,000 upon the first and fourth contracts. The difficulty is that the plaintiff can only support his judgment upon this admission by the defendant of the performance of the contract, but this admission was coupled with the further statement of these payments and the plaintiff must take the admission " *cum onere.*" As these payments show only about $6,000 remaining unpaid upon the contracts, it follows that the court was unauthorized to hold as a matter of law that the plaintiff was entitled to recover $14,000 thereupon.

The judgment must, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.